UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CYNTHIA MADEJ,** *et al.,*

    **Plaintiffs,**

v.

**ATHENS COUNTY ENGINEER
JEFF MAIDEN,**

    **Defendant.**

Civil Action 2:16-cv-658
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Opinion and Order and Motion to Stay the Independent Medical Exam ("IME") (ECF No. 37), Motion to Exclude Challenge Testing and to Stay the IME ("Motion to Exclude and Stay the IME") (ECF No. 38), and Motion to Expedite Decision on Motion to Stay the IME (ECF No. 40). For the reasons that follow, the Court **OVERRULES** Plaintiffs' Objection and **DENIES AS MOOT** Plaintiffs' Motion to Stay, **DENIES IN PART, DENIES AS MOOT IN PART, AND DENIES WITHOUT PREJUDICE TO REFILING IN PART** Plaintiffs' Motion to Exclude and Stay the IME, and **DENIES AS MOOT** Plaintiffs' Motion to Expedite Decision on Motion to Stay.

### I. BACKGROUND

This dispute arose out of the road resurfacing "chip and seal" project on Dutch Creek Road in Athens County, Ohio. (Third Am. Compl. ¶¶ 3, 4, ECF No. 16.) Plaintiffs, Cynthia Madej and Robert Madej ("Plaintiffs"), allege that the completion of the "chip and seal" project within one mile of their residence could cause Mrs. Madej serious physical harm or even death. (*Id.* at ¶¶ 6, 7, 8, 11, 15, 23, 33, 39, 41, 42, 48.) Plaintiffs assert claims arising under the Fair

Housing Amendments Act, 42 U.S.C. § 3601 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as well as state-law claims. In addition to monetary relief, Plaintiffs seek an order enjoining Defendant Athens County Engineer Jeff Maide ("Engineer" or "Defendant") from completing the road resurfacing "chip and seal" project.

The parties agree that Mrs. Madej's physical health and potential reactions to the chip and seal process are at issue in this case. The Engineer requested Mrs. Madej to submit to an IME. The parties were unable to agree to the time, place, manner, conditions, and scope of the IME. The Engineer sought judicial intervention by filing a Motion to Compel pursuant to Federal Rule of Civil Procedure 35, which provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Plaintiffs subsequently filed a Motion for Protective Order (ECF No. 24), seeking protection from Defendant's proposed conditions for the IME.

On August 11, 2017, Magistrate Judge Chelsey M. Vascura issued a decision in which she granted in part and denied in part Defendant's Motion to Compel and granted in part and denied in part Plaintiffs' Motion for a Protective Order. In that decision, the Magistrate Judge determined the parameters of the IME. (ECF No. 34.)

On August 25, 2017, Plaintiffs filed their Objection and Motion to Stay the IME (ECF No. 37), and on September 8, 2017, Defendant filed his Response in Opposition to Plaintiff's Objections and Motion to Stay (ECF No. 39). On September 15, 2017, Plaintiffs filed a Reply in Support of their Objection and Motion to Stay (ECF No. 42). Plaintiffs' Reply was filed without first moving for permission to file a reply in support of an objection in violation of this Court's Standing Order. (Gen. Order No. COL: 14-01, § IV(C)(3)(b).) Thus, the appropriate action is to

2

strike Plaintiffs' Reply. The Court, however, will consider Plaintiffs' Reply, and puts Plaintiffs on notice that the Court will in the future expect compliance with its Standing Orders.

On August 25, 2017, Plaintiffs also filed their Motion to Exclude and Stay the IME. (ECF No. 38.) On September15, 2017, Defendant filed his Memorandum in Opposition to Plaintiffs' Motion to Exclude and Stay the IME. (ECF No. 41.)

On September 12, 2017, Plaintiffs filed their Motion to Expedite Decision on the Motion to Stay the IME. (ECF No. 40.)

## II. OBJECTION AND MOTION TO STAY THE IME; MOTION TO EXPEDITE DECISION ON MOTION TO STAY THE IME

In their Objection and Motion to Stay the IME, Plaintiffs ask the Court overrule the portions of Magistrate Judge Vascura's Opinion and Order that denied portions of Plaintiffs' Motion for a Protective Order. Plaintiffs also move for an expedited decision on their Motion to Stay the IME.

### A. Standard

Section 636(b)(1)(A) of Title 28 of the United States Code, along with Federal Rule of Civil Procedure 72(a), govern a district court's review of a magistrate judge's nondispositive pretrial order. In particular, § 636(b)(1) (A) provides, in relevant part that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . . A judge of the court may reconsider any pretrial matter under this subparagraph . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. . . ." 28 U.S.C. § 636(b)(1)(A). Additionally, Rule 72(a) provides that a district court shall modify or set aside any portion of a magistrate judge's nondispositive pretrial order that is found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). Therefore, this Court will review the Magistrate Judge's nondispositive pretrial order to determine whether it is either "clearly

3

erroneous" or "contrary to law." *U.S. S.E.C. v. Sierra Brokerage Services, Inc.*, 2:03-CV-326, 2005 WL 6569571, at *3 (S.D. Ohio Oct. 18, 2005) (citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)).

The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient "contrary to law" standard. *Gandee*, 785 F.Supp. at 686 (citations omitted). A finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985); *Hood v. Midwest Sav. Bank*, Case No. 2:97–cv–218, 2001 WL 327723, *2 (S.D. Ohio March 22, 2001). A decision is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Id.* (citations omitted).

**B.     Analysis**

"Plaintiffs objects to the following rulings in the [Magistrate Judge's] Order and Opinion as being clearly erroneous and/or contrary to law:

> 1) the failure to address Plaintiffs' request for an order pursuant to Fed.R.Civ.P. 35(2)(B) specifying the manner, conditions, and scope of the examination, including the failure to require the defense to disclose any protocol or method for the junk science referred to as "challenge testing";
>
> 2) the failure to order that the defense medical expert should not be able to perform "challenge testing" of Ms. Madej; 3) the failure to order that the defense medical exam should take place outside in Ms. Madej's neighborhood;
>
> 4) the failure to limit the amount of time that the defense medical exam can take to 4 hours in person, plus 4 hours to take a medical history via telephone or videoconferencing;
> 5) Plaintiffs respectfully request that the Opinion and Order be modified to require the same personal hygiene conditions for those attending the deposition of Ms. Madej as it required for the defense medical expert during the defense medical exam (i.e. that they wear no cologne, perfume or other fragrances, and that they do not pump their own gas on the day of the deposition but have a gas station attendant pump the gas).

4

(Pls.' Objection and Mot. to Stay the IME at 1–2, ECF No. 37.) Plaintiffs have also moved to expedite this Court's decision on their Motion to Stay the IME.

After carefully reviewing all of the briefing before the Court and the Opinion and Order at issue, the Court finds that nothing in the Magistrate Judge's decision is clearly erroneous or contrary to law. Indeed, the decision is well-reasoned, and reflects an accurate and correct application of the law to the facts. Accordingly, the Court **OVERRULES** Plaintiffs' Objection. Mrs. Madej shall submit to the IME within the parameters established in Magistrate Judge Vascura's Opinion and Order. This decision renders moot Plaintiffs' Motion to Stay the IME and Plaintiffs' Motion to Expedite Decision on Motion to Stay, and therefore, those motion are **DENIED AS MOOT**.

### III. MOTION TO EXCLUDE AND STAY THE IME

Plaintiffs move "pursuant to Fed. R. Civ. P. 104(a), 702, 703, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) [for] an order prohibiting defendant's medical expert from conducting and relying upon 'challenge testing' (*i.e.* exposing Ms. Madej to substances in order to see whether they make her ill or produce other reactions) to support any opinions he may offer." (Pls.' Mot. to Exclude and Stay the IME at 1, ECF No. 38.)

#### A. Standard

In *Daubert*, the United States Supreme Court held that the Federal Rules of Evidence, in particular Rule 702 and 104(a), govern the admission of expert witness testimony and require that the trial judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

B.  **Analysis**

In Plaintiffs' Motion to Exclude, they (1) revisit their arguments with regard to the type of testing in which the medical doctor may engage, and (2) argue that the results of the tests are inadmissible under *Daubert*.

1.  **"Challenge Testing"**

With regard to Plaintiffs request for the Court to limit the IME in ways it previously requested in its Motion for a Protective Order, the Court has already determined that issue. Plaintiffs objected to the Magistrate Judge's resolution of this issue, and above this Court found that the scope of the IME prescribed by Magistrate Judge Vascura was neither clearly erroneous nor contrary to law. Thus, to the extent Plaintiffs' Motion to Exclude and Stay the IME reargues their position as to the tests the medical doctor will perform, the Motion is **DENIED**.

2.  ***Daubert***

As to Plaintiffs second argument presented in their Motion to Exclude and to Stay the IME, the Court finds it premature. Plaintiffs contend that the evidence derived from the tests that will be performed as part of Mrs. Medej's IME are irrelevant and will be derived from unreliable principles and methods. In other words, Plaintiffs seek to challenge the results of the tests which have not yet been performed. Plaintiffs may certainly challenge the admissibility of an expert's opinion under Rule 702 and *Daubert*, but, the expert must first provide that opinion. Consequently, the Court **DENIES WITHOUT PREJUDICE TO REFILING** the portion of Plaintiffs' Motion to Exclude and Stay the IME directed at the admissibility of the results of the IME.

3. **Stay**

Plaintiffs ask this Court to stay the IME pending its decision on Plaintiffs' Motion to Exclude and to Stay the IME. Based on the Court's decision *supra*, Plaintiffs' request to stay the IME has been rendered moot, and is therefore **DENIED AS MOOT**.

IV. **CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Plaintiffs' Objection and **DENIES AS MOOT** Plaintiffs' Motion to Stay (ECF No. 37), **DENIES IN PART, DENIES AS MOOT IN PART, AND DENIES WITHOUT PREJUDICE TO REFILING IN PART** Plaintiffs' Motion to Exclude and Stay the IME (ECF No. 38), and **DENIES AS MOOT** Plaintiffs' Motion to Expedite Decision on Motion to Stay (ECF No. 40).

**IT IS SO ORDERED.**

9-19-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7