UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYNTHIA MADEJ, *et al.*,

    **Plaintiffs,**

v.

ATHENS COUNTY ENGINEER
JEFF MAIDEN,

    **Defendant.**

Case No. 2:16-cv-658
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for an Injunction Pending Appeal. (ECF No. 150.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion and **REINSTATES** the injunction for **ONE WEEK,** which will provide Plaintiffs the opportunity to move the Sixth Circuit for relief. *See* Fed. R. App. P. 8.

**I.**

On October 16, 2018, this Court granted Defendants' Motion for Summary Judgment and vacated the injunction that had been entered by a state court. (ECF No. 147.) That same day the Court entered judgment accordingly. (ECF No. 148.) On November 14, 2018, Plaintiffs filed an appeal with the United States Court of Appeals for the Sixth Circuit (ECF No. 149), and also filed the Motion for An Injunction Pending Appeal (ECF No. 150).

**II.**

Plaintiffs move for an injunction pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure. Rule 62(c) requires a court to consider the same four factors that are traditionally considered in determining whether to grant a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v.*

*Braunskill*, 481 U.S. 770, 776 (1987). These factors are: 1) the likelihood that the party seeking the injunction will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent an injunction; 3) the prospect that others will be harmed if the court grants the injunction; and 4) the public interest in granting the injunction. *Mich. Coal of Radioactive Material Users. Inc.*, 945 F.2d at 153. "The moving party has the burden of showing a combination of these factors to persuade the court to grant their motion." *Williamson v. Recovery Ltd. Partn.*, 2:06-CV-292, 2012 WL 3224042, at *1 (S.D. Ohio Aug. 6, 2012).

### III.

In the instant action, the Court issued a decision finding that Plaintiffs did not prevail on the merits of their claims. Plaintiffs repackage their arguments presented previously, which requires the Court to, in essence, reconsider its Opinion and Order granting Defendants' Motion for Summary Judgment. Nothing in their current motion, however, causes the Court to change its opinion. Therefore, the Court finds that Plaintiffs are not likely to prevail on the merits of their appeal.

Additionally, the Court concludes that there is no evidence that Plaintiffs will be irreparably harmed absent an injunction. Plaintiffs' evidence attached to their motion shows that Defendants "will begin the project planning process and it will be scheduled when funding is available." (Oct. 19, 2018 Press Release at 1, ECF No. 150-2.) The evidence also indicates that Defendants plan to engage in some maintenance work this fall and winter that "will consist primarily of patching potholes and grading." *Id.* Plaintiffs argue that "[g]iven Ms. Madej's history of reactions to asphalt applications such as patching and leveling near her home, . . . and the medical evidence presented by Plaintiffs' expert ("Ms. Madej is in a frail and precarious state, and requires avoidance of chemical stressors. She is highly sensitive to asphalt, exhibiting

2

symptoms to small amounts that are tolerated by healthy individuals.") .... Defendants' intended work supports imminent concern for Ms. Madej's well-being." *Id.* (internal citations omitted).

Plaintiffs fail to acknowledge, however, that the evidence specifies that "[t]here will be no asphalt products used" in the fall and winter maintenance contemplated by Defendants. (Email at 1, ECF No. 5.) Thus, even accepting Plaintiffs' arguments and evidence, there is no immediate irreparable harm that will occur absent an injunction.

As to whether the injunction would harm the interests of third parties, Plaintiffs contend that the only harm is to the taxpayers of Athens County. This type of harm, Plaintiffs argue, would not occur if Plaintiffs are granted an injunction against chip sealing the road pending appeal. Plaintiffs conclude that, "[c]onstruing the facts in the light most favorable to Plaintiffs, as the Court must do here, one cannot say that delay pending appeal will significantly harm third parties." (Mot. at 25, ECF No. 150.) Plaintiffs, however, misstate the burden of proof. Under Rule 62, it is the movant who shoulders the burden of persuading the Court he or she is entitled to the relief sought. Here, Plaintiffs have not shown that there would be no harm to the taxpayers if an injunction was entered. Indeed, the evidence shows that the road at issue is in serious need of repair. Thus, to enjoin Defendants from maintaining it with products that do not contain asphalt would likely be harmful to the residents of Athens County who use that road.

Finally, Plaintiffs contend that the public interest weighs in favor of granting their request for an injunction, noting that this Court in its Opinion and Order found that Ms. Madej's health is important to officials serving Athens County. But, there is no evidence before the Court that Defendants plan to utilize asphalt for the maintenance projects. Thus, Ms. Madej's health is not

3

currently at risk even in her view. Consequently, the public interest does not favor granting an injunction pending appeal.

While this Court finds that Plaintiffs fail to meet their burden under Rule 62, out of an abundance of caution the Court is inclined to permit Plaintiffs the opportunity to take their request to the Sixth Circuit. Thus, the Court shall provide them one week of the relief they request.

### IV.

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for an Injunction Pending Appeal. (ECF No. 150.) Specifically, the Court **REINSTATES** the injunction for **ONE WEEK,** which will provide Plaintiffs the opportunity to move the Sixth Circuit for relief. *See* Fed. R. App. P. 8.

**IT IS SO ORDERED.**

11-16-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

4